UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| NATIONAL NURSES ORGANIZING COMMITTEE – FLORIDA/NATIONAL NURSES UNITED, AFL-CIO,<br><br>Petitioner,<br><br>v.<br><br>GALEN OF FLORIDA, INC., d/b/a ST. PETERSBURG GENERAL HOSPITAL,<br><br>Respondent. | Case No.:<br><br>CIVIL ACTION |

## COMPLAINT

NNOC-Florida/National Nurses United, AFL-CIO, Petitioner, complains of Galen of Florida, Inc., d/b/a St. Petersburg General Hospital, Respondent, as follows:

### PRELIMINARY STATEMENT

1. This is an action arising under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a), to compel arbitration under the parties' collective bargaining agreement.

### JURISDICTION AND VENUE

2. Petitioner NNOC-Florida/National Nurses United, AFL-CIO ("the Union") represents a bargaining unit of registered nurses at Respondent Galen of Florida, Inc., d/b/a St. Petersburg General Hospital ("SPGH" or "the Hospital"). St. Petersburg General Hospital is owned by HCA, Inc. ("HCA").

3. The Union files this action pursuant to Section 301(a) of the Labor-Management Relations Act ("LMRA"), as amended, 29 U.S.C. §185(a), to compel arbitration of a dispute between NNOC and the Hospital. This Court has jurisdiction under 29 U.S.C. §185(a) and 28 U.S.C. §1331.

4. Venue is proper in this District pursuant to 29 U.S.C. §185(c). Petitioner, NNOC has offices in and represents members throughout the Middle District of Florida, including those employed by the Hospital. In addition, the dispute arose within the Middle District of Florida, as St. Petersburg General Hospital is located in the District.

## PARTIES

5. The Union is a "labor organization" representing employees of St. Petersburg General Hospital for the purposes of collective bargaining within the meaning of Section 2(5) of the National Labor Relations Act ("NLRA"), 29 U.S.C. §152(5). The Union is an unincorporated labor organization authorized to do and doing business in various counties throughout Florida, including Hillsborough and Pinellas Counties. The Union represents employees of St. Petersburg General Hospital in an industry affecting commerce within the meaning of Section 301(a) of the LMRA, 29 U.S.C. §185(a).

6. St. Petersburg General Hospital is an "employer" in an industry affecting commerce within the meaning of Section 2(2) of the NLRA, 29 U.S.C. §152(2). The Union is informed and believes, and thereupon alleges, that Respondent St. Petersburg General Hospital, is now and, at all times material herein, has been a for-profit Florida corporation operating under the laws of the State of Florida and authorized to do and doing business in the State of Florida, including the County of Pinellas.

**FACTS**

7. The Union and SPGH are parties to an effective Collective Bargaining Agreement. On or about October 16, 2018, the Union and SPGH entered into a written Collective Bargaining Agreement, effective from October 16, 2018 through May 31, 2021. A true and correct copy of the Collective Bargaining Agreement is attached hereto and incorporated herein by reference as Exhibit "A."

8. The Union filed the grievances underlying this Petition to Compel Arbitration in May 2020, pursuant to the Collective Bargaining Agreement. A true and correct copy of the grievances underlying this Petition are attached hereto and incorporated herein by reference as Exhibit "B," "C," and "D," respectively.

9. Article 18, Section 2 of the Collective Bargaining Agreement, entitled "Definition of Grievance," specifies that "[a] 'grievance' is defined as any complaint against the Hospital submitted by the Union in writing for an alleged breach of a specific provision of this Agreement, except as to those provisions which are not subject to this Article." Additionally, "[a] 'class grievance' is defined as any complaint against the Hospital submitted in writing by the Union on behalf of two (2) or more Registered Nurses and regarding the same alleged breach of this Agreement or multiple alleged breaches of the same provision(s) of this Agreement."

10. Article 18, Section 3 of the Collective Bargaining Agreement, entitled "Grievance Procedure," sets forth the grievance procedure and provides for final and binding arbitration of any grievances that have not been resolved by the Parties through the prior steps in the grievance procedure.

**Grievance 1: Violations of On-Call / Call-Back and Minimums Provisions**

11. Article 31, Section 1 of the Collective Bargaining Agreement entitled "On-Call Pay," requires that all "[r]egistered Nurses in eligible Departments and positions required to be On-Call shall be paid at $3.50 for all hours spent On Call." In addition, Article 31, Section 2 entitled "Call-Back Pay" specifies that if nurses are "required to work when On-Call, a Registered Nurse shall be paid Call-Back pay at the rate of one and one-half (1 ½) times the Registered Nurse's regular base hourly rate, plus any applicable differentials (e.g., shift or weekend)."

12. Article 7, Section C of the Collective Bargaining Agreement, entitled "Minimum Rates," establishes minimum wages, benefits, and economic provisions within the Agreement. In addition, the section states that nothing in the Agreement "shall be deemed or construed to limit the Employer's right, at its discretion, to increase wages based upon market conditions in excess of that provided by this Agreement, except that the Employer shall not establish a merit based pay program. Accordingly, it is also understood that any such increases shall be over and above the economic package negotiated in this Agreement. Before taking any action, the Hospital shall notify the Union and meet and confer over the proposed changes."

13. On May 11, 2020, the Union filed a grievance alleging, among other things, that the Hospital had violated multiple provisions of the parties' Collective Bargaining Agreement, including the aforementioned sections, by implementing a policy offering so-called "Pandemic Pay" at 70% of employees' base pay for employees working in units with reduced volumes without notifying the Union. See Exhibit "B."

14. The implementation of this policy affected all Registered Nurses who did not work an unscheduled shift during the same work week and were denied both "pandemic pay" for their mandatory minimum pay and the days they were called-off work. By adoption of this policy,

SPGH thus changed bargaining nurses' Base and On-Call pay.  And the Hospital made this change without notifying the Union and meeting and conferring over the proposed changes as required by the CBA.

### Grievance 2: Violations of Floating Provisions

15. Article 17 of the Collective Bargaining Agreement, "Floating," sets forth the floating requirements for all nurses.  Article 17, Section 1, "General," establishes that "[r]egistered Nurses will float to units as directed, but will not be required to perform duties for which they do not have a current, demonstrated, validated competency."  Article 17, Section 2, "Procedure," requires that the selection sequence of nurses be floated in a particular order, and any "[e]xceptions to, or departures from, the sequence set forth above may occur if, in  the good faith judgment of the Hospital, the individual scheduled to float does not possess the skills required in the receiving unit or has unique skills needed in the giving unit."

16. Article 17, Section 4 of the Collective Bargaining Agreement, "Assignment and Introduction," states that, "[r]egistered Nurses will not be required to float outside of their 'like units' unless an Emergency Situation occurs or in the good faith judgment of the Hospital patient care needs require such floating because of the unavailability of staff to float from a 'like unit.' Consistent with this Article, the Registered Nurse will not be required to perform duties for which he or she does not have a current, demonstrated, validated competency."

17. On May 8, 2020, the Union filed a grievance alleging, among other things, that the Hospital had violated multiple provisions of the parties' Collective Bargaining Agreement, including the aforementioned sections, by requiring Registered Nurses to float to unlike units without fulfilling competency requirements, protocol, and the selection order in non-Emergency situations.  In some

instances, the Hospital required Registered Nurses to float to unlike units under the threat of discipline demonstrating the Hospital's lack of good faith judgment. See Exhibit "C."

**Grievance 3: Violations of Various Provisions Related to Per Diem Nurse Call-Offs**

18. Article 17, Section 2, "Procedure," requires that the selection sequence of nurses shall be floated in a particular order based on a set list, and that any "[e]xceptions to, or departures from, the sequence set forth above may occur if, in the good faith judgment of the Hospital, the individual scheduled to float does not possess the skills required in the receiving unit or has unique skills needed in the giving unit." Article 6, Section 3, "Order of Call Off," subjects the Hospital to a specific order for call offs and requires that "RNs are fully competent to care for the Hospital's actual and anticipated patients." Further, Article 10, Section 1, "Discipline for Just Cause" restricts the Hospital to "discipline or discharge a Registered Nurse for just cause."

19. The Union filed a grievance on May 7, 2020, alleging that the Hospital had violated multiple provisions of the parties' Collective Bargaining Agreement, including the aforementioned sections, by removing PRNs from the schedule while still using Agency Registered Nurses to relieve bargaining unit RNs during the peak workload, failing to ensure that the remaining bargaining unit RNs fulfilled competency requirements before removing PRNs from the schedule, and effectively discharging or disciplining Per Diem Nurses without just cause. See Exhibit "D."

20. On June 10, 2020, after the Hospital denied all of the above grievances at each of the required prior steps of the grievance procedure, the Union demanded arbitration of the grievances. A true and correct copy of this demand for arbitration is attached hereto and incorporated herein by reference as Exhibit "E."

21. The Union contacted the Federal Mediation and Conciliation Services ("FMCS") for a list of arbitrators available to hear these grievances. FMCS sent the Parties a list of arbitrators on June

18, 2020.  A true and correct copy of the FMCS List is attached hereto and incorporated herein by reference as Exhibit "F," "G," and "H."

22. On June 29, 2020, SPGH, through Hospital Corporation of America Management Services, emailed letters to the Union refusing to participate in arbitration.  A true and correct copy of those Letters are attached hereto and incorporated herein by reference as Exhibit "I," "J," and "K."

23. As of the filing date of this instant Petition, the Hospital has still not agreed to proceed to an arbitration with the Union for all of the aforementioned grievances.  Upon information and belief, the Hospital maintains the position that it refuses to arbitrate the grievances.

24. SPGH's refusal to proceed to arbitration violates Article 18, Section 3 of the Parties' Collective Bargaining Agreement.

25. Because of SPGH's refusal to proceed to arbitration, the Union's attorneys have had to work on this matter, where they otherwise would not have been involved.

26. SPGH's failure to proceed to arbitration on these grievances is without excuse, without merit, unjustified, dilatory, frivolous and done in bad faith, vexatiously and/or for oppressive reasons.

**PRAYER FOR RELIEF**

WHEREFORE, the Unions pray for relief as follows:

1. For an Order of the Court compelling SPGH to submit the above mentioned grievance to arbitration pursuant to the terms of the Collective Bargaining Agreement attached hereto as Exhibit "A."

2. For an Order of the Court directing SPGH to select an arbitrator with the Union by a date certain.

3. For its reasonable attorneys' fees.

4. For costs of suit incurred herein.

5. For such other and further relief as this Court deems just and proper.

DATED:  December 8, 2020             Respectfully submitted,

By: _/s/ Jose J. Rodriguez_
Jose Javier Rodriguez, Esq.
Florida Bar No. 0029469
D. Marcus Braswell, Jr., Esq., Trial Counsel
Florida Bar No. 146160
SUGARMAN & SUSSKIND, P.A.
Attorneys for Plaintiffs
100 Miracle Mile, Suite 300
Coral Gables, FL 33134
Telephone: (305) 529-2801
Facsimile: (305) 447-8115
JJR@sugarmansusskind.com
MBraswell@sugarmansusskind.com